UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN R. RUE AND STEPHEN RUE AND ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 24-845 |
| CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B60451056822021, INDEPENDENT SPECIALTY INSURANCE COMPANY AND PENN-AMERICA INSURANCE COMPANY | SECTION "J"(4) |

## ORDER AND REASONS

Before the Court is an unopposed *Motion to Compel Arbitration and Stay the Proceedings* **(Rec. Doc. 5)** filed by Defendants, Independent Specialty Insurance Company ("ISIC"), and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B60451056822021 ("Lloyds," and collectively, the "Insurers"). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight (8) days before the noticed submission date. Movants set the motion for submission on May 1, 2024. Plaintiff, however, has failed to file a timely opposition to the motion. Having considered the motion and memorandum, the record, and the applicable law, the Court finds that the motion has merit and should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff owns and operates two law offices in in Kenner and Covington, Louisiana ("the properties"), which sustained damage during Hurricane Ida on

1

August 29, 2021. At the time, the offices were insured by a surplus lines commercial property insurance policy (the "Policy") issued by the Insurers. The Policy contains an arbitration clause that reads, in relevant part:

> All matters in dispute between you and us (referred to in this policy as "the parties') in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.
> . . .
> Any Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal. The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.

(Rec. Doc. 1-3 at 39-40).

In his petition in state court, Plaintiff alleges that the Insurers breached the insurance contract by failing to fully pay their insurance claim for covered damages from Hurricane Ida. (Rec. Doc. 1-3). On April 3, 2024, the Insurers removed the case to this court on the basis of federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). (Rec. Doc. 1). The Insurers filed the instant motion to compel arbitration on April 8, 2023, arguing that an arbitration clause contained in the Policy requires that this matter be referred to arbitration. (Rec. Doc. 18).

## **DISCUSSION**

Here, the arbitration clause here is enforceable under the Convention. Louisiana law generally prohibits arbitration clauses. *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state ... shall contain any

condition, stipulation, or agreement ... [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer"). Nonetheless, the contract governing the Policy includes an arbitration clause that nominally submits "[a]ll matters in difference between [the Insured] and [the Insurers] ... in relation to this insurance, including its formation and validity ... to an Arbitration Tribunal." (Rec. Doc. 1-3, at 39-40). The Policy also provides that the arbitration "shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal." *Id.*

Because Louisiana law would prohibit enforcement of this arbitration clause, Defendants must rely on some preemptory law if this motion is to be granted. They find that law in a treaty known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[1] The Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to conduct a "very limited inquiry" and enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).[2]

---

[1] Where applicable, the Convention supersedes state law. *See McDonnel Grp., L.L.C. v. Great Lakes Ins. Se.*, 923 F.3d 427, 431–32 (5th Cir. 2019).
[2] The arbitration clause must also be otherwise valid, that is, not "inoperative or incapable of being performed." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1146 n.17 (5th Cir. 1985) (citation omitted).

Here, as in numerous cases before this court regarding this form of arbitration clause, all four requirements for compelling arbitration under the Convention are satisfied. The agreement is in writing to arbitrate the dispute. The agreement provides for arbitration in a signatory nation: the United States. The agreement also arises out of a commercial legal relationship through the contract of insurance between plaintiffs and defendants. *See* 9 U.S.C. § 202. And finally, at least one party to the agreement, Lloyds, is not a citizen of the United States, because multiple syndicates at Lloyds are citizens of the United Kingdom. Finding that Plaintiff's claims fall under the Convention and must be submitted to arbitration and that Plaintiff submitted no opposition, the Court must stay the action pending arbitration. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Compel Arbitration and Stay the Proceedings* **(Rec. Doc. 5)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED,** pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

A motion for reconsideration of this Order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty days. The motion must be accompanied by an opposition memorandum to the *Motion to Compel Arbitration and Stay the Proceedings* **(Rec. Doc. 5)**. Because such a motion would not have been

necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. See Fed. R. Civ. P. 16.

New Orleans, Louisiana, this 2nd day of May, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE